

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**FILED**
OCT 2 2 2009
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| AT&T MOBILITY, LLC,<br><br>      **Plaintiff,**<br><br>vs.<br><br>MOBILE SYSTEMS INTEGRATORS,<br>LLC, and SHELMORE, INC.<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

09 CV - 685 TCK   TLW

## COMPLAINT

For its claims against Defendants Mobile Systems Integrators, LLC and Shelmore, Inc., Plaintiff AT&T Mobility, LLC, pursuant to 28 U.S.C. § 1332(a), represents and states as follows:

### JURISDICTIONAL STATEMENT

1. AT&T Mobility, LLC ("AT&T") is a limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business in a state other than Oklahoma.

2. Mobile Systems Integrators, LLC ("MSI") is an Oklahoma limited liability company with its principal place of business in Tulsa County, Oklahoma.

3. Shelmore, Inc. ("Shelmore") is an Oklahoma corporation with its principal place of business in Tulsa County, Oklahoma.

4. Diversity of citizenship exists between AT&T and both MSI and Shelmore.

5. The amount in controversy is in excess of $75,000.

6. Pursuant to 28 U.S.C. § 1332(a), diversity of citizenship exists and the amount in controversy is greater than $75,000, and therefore jurisdiction in this Court is proper.

## GENERAL ALLEGATIONS

7. In or about February 2008, AT&T entered into a contract with MSI for the purchase of two vehicles consisting of two new cab and chassis trucks outfitted with telecommunications equipment installed by MSI. Vehicle No. 1 is identified by the VIN: 1HTMPAFL17H411278 and Vehicle No. 2 is identified by VIN: 1HTMPAFLX7H411277. The sale was to include title to each vehicle, free and clear of any lien.

8. The total purchase price of each vehicle was $185,000, for a total contract amount of $370,000. AT&T has paid the total purchase price in full.

9. AT&T provided payment of $185,000 to MSI on or about March 3, 2008 as a first installment payment for Vehicle No. 1 and Vehicle No. 2.

10. AT&T received possession of Vehicle No. 1 on or about July 10, 2008 and Vehicle No. 2 on or about July 23, 2008.

11. AT&T provided payment of $92,500 to MSI on or about August 6, 2008 as a final payment for Vehicle No. 1.

12. AT&T provided payment of $92,500 to MSI on or about August 5, 2008 as a final payment for Vehicle No. 2.

09582-#501534 v3

2

13. Based upon information and belief, Shelmore is affiliated with MSI in some way. Shelmore may hold the Certificates of Origin for the vehicles and may claim some interest in them.

14. As the seller of these new vehicles, MSI and/or Shelmore is required by Oklahoma law, as provided in 47 O.S. § 1105.2, to provide the buyer with an original Certificate of Origin upon completion of the sale.

15. Despite repeated attempts for nearly a year, MSI and/or Shelmore have consistently refused to provide AT&T with an original Certificate of Origin for Vehicle No. 1 or Vehicle No. 2.

16. Without these original Certificates of Origin, AT&T is not able to secure clear title to either vehicle, nor is AT&T able to secure license tags for either vehicle.

17. Based upon information and belief, MSI and/or Shelmore have been in the possession of the original Certificates of Origin for each vehicle.

18. As a result of MSI and/or Shelmore's failure to supply original Certificates of Origin to these vehicles, AT&T has not been able to put either vehicle in service with its fleet, and has thus suffered damages by not being able to use the vehicles they have purchased for over a year.

### COUNT I
### REQUEST FOR INJUNCTION REQUIRING DEFENDANTS TO TRANSFER CERTIFICATES OF ORIGIN

19. AT&T incorporates all prior paragraphs of its Complaint as though fully set forth herein.

20. As the final seller of the vehicles to AT&T, MSI and/or Shelmore are required by 47 O.S. § 1105.2 (D) to provide AT&T with all original manufacturer's Certificates of Origin upon the sale and transfer of the vehicles.

21. MSI and/or Shelmore have consistently refused to provide AT&T with the manufacturer's Certificates of Origin for Vehicle No. 1 and Vehicle No. 2.

22. AT&T will prevail on the merits of this case, as it has fully paid for the vehicles and complied with the terms of the contract with MSI and/or Shelmore. Defendants have failed to comply with the contract and with Oklahoma law.

23. AT&T has suffered, and will continue to suffer, irreparable harm. Without the Certificates of Origin for these vehicles, AT&T will be unable to obtain any certificate of title for the vehicles, nor will AT&T be able to obtain proper licensing required to operate the vehicles on the public highways. Unless Defendants produce the Certificates of Origin, AT&T will be unable to use or sell the vehicles.

24. The injury to AT&T in this matter substantially outweighs any injury or damage to MSI and/or Shelmore if the requested injunction is ordered. MSI and/or Shelmore have been paid in full for both of these vehicles, and simply must turn over the original copies of the Certificates of Origin to AT&T.

25. The public interest would be served by granting this injunction because Oklahoma law requires sellers of vehicles to provide buyers the very documents AT&T seeks in this request for an injunction.

## COUNT II
## BREACH OF CONTRACT

26. AT&T incorporates all prior paragraphs of its Complaint as though fully set forth herein.

27. A contract existed between AT&T and MSI for the purchase of Vehicle No. 1 and Vehicle No. 2. AT&T fully complied with the terms of the contract and has paid MSI in full.

28. MSI breached its contract with AT&T by failing to provide AT&T an original Certificate of Origin reflecting title to the vehicles, and any other necessary documents to evidence clear title in Vehicle No. 1 and Vehicle No. 2, including the release of any liens.

29. AT&T has suffered actual damages by the failures and breach of MSI to honor its contractual obligations.

## PRAYER FOR RELIEF

WHEREFORE, AT&T prays for relief as follows:

Count I – Request for Injunction

    a. Order from this Court enjoining MSI and/or Shelmore from any further delay and ordering them to provide AT&T with Certificates of Origin reflecting clear and unencumbered title to Vehicle No. 1 and Vehicle No. 2;

    b. An award of costs in this action, including reasonable attorney fees; and

  c. Such additional and further relief as is just and proper in the circumstances.

Count II – Breach of Contract

  a. Judgment for compensatory damages in an amount to be determined at trial;

  b. Specific performance of the contract for Vehicle No. 1 and Vehicle No. 2;

  c. An award of costs in this action, including reasonable attorney fee; and

  d. Such additional and further relief as is just and proper in the circumstances.

Dated: October 22, 2009    Respectfully submitted,

*[signature]*

Curtis M. Long, OBA No. 5504
S. Fred Jordan, Jr., OBA No. 18216
FELLERS, SNIDER, BLANKENSHIP,
 BAILEY & TIPPENS, P.C.
The Kennedy Building
321 South Boston, Suite 800
Tulsa, Oklahoma 74103-3318
(918) 599-0621 (phone)
(918) 583-9659 (fax)

**ATTORNEYS FOR PLAINTIFF
AT&T MOBILITY, LLC**